IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ELEANORA KELLEY,              ) | |
|                                      ) | |
|     Plaintiff,              ) | |
|                                      ) | |
|     v.              ) | Case No. CIV-21-1099-AMG |
|                                      ) | |
| KILOLO KIJAKAZI, ACTING   ) | |
| COMMISSIONER OF SOCIAL      ) | |
| SECURITY,              ) | |
|                                      ) | |
|     Defendant.              | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Eleanora Kelley ("Plaintiff") brings this action for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for disability insurance benefits ("DIB"). (Doc. 1). The Commissioner has answered the Complaint and filed the Administrative Record ("AR"). (Docs. 6, 7). The parties have briefed their respective positions. (Docs. 12, 14).[1] The parties have consented to proceed before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Docs. 10, 11). Based on the Court's review of the record and issues presented, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings.

---

[1] Citations to the parties' briefs refer to the Court's CM/ECF pagination. Citations to the Administrative Record refer to its original pagination.

I.    **Procedural History**

On January 21, 2020, Plaintiff filed an application for DIB, alleging a disability onset date of April 22, 2018.  (AR, at 176, 311).  Her date last insured was September 30, 2018.  (*Id*. at 25, 176).  The SSA denied the application initially and on reconsideration. (*Id.* at 196, 204).  An administrative hearing was then held on February 10, 2021.  (*Id.* at 126-75).  The Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled. (*Id.* at 23-30).  The Appeals Council denied Plaintiff's request for review. (*Id.* at 1-7).  Thus, the ALJ's decision is the final decision of the Commissioner.  *Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009); 20 C.F.R. § 404.981.

II.   **The Disability Standard and Standard of Review**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  *Id.* § 423(d)(3).  A medically determinable impairment must be established by "objective medical evidence" from an "acceptable medical source," such as a licensed physician or a licensed and certified psychologist; whereas the claimant's own "statement of symptoms, a diagnosis, or a medical opinion" is not sufficient to establish the existence of an impairment. 20 C.F.R. § 404.1521; *see also id.* §§ 404.1502(a), 404.1513(a).  A plaintiff is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining five steps and burden-shifting process). To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is engaged in any substantial gainful activity; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC"),[2] whether the impairment prevents the claimant from continuing his past relevant work; and (5) considering assessment of the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)(4)(i)-(v). Plaintiff bears the "burden of establishing a prima facie case of disability under steps one, two, and four" of the SSA's five-step procedure. *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005). If the Plaintiff makes this prima facie showing, "the burden shifts to the Commissioner to show the claimant has the [RFC] to perform other work in the national economy in view of her age, education, and work experience." *Id*. "The claimant is entitled

---

[2] RFC is "the most [a claimant] can do despite [a claimant's] limitations." 20 C.F.R. § 404.1545(a)(1).

to disability benefits only if he is not able to perform other work." *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

This Court's review of the Commissioner's final decision is limited "to determin[ing] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Comm'r, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal quotation marks and citation omitted). A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). While the Court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted). Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

**III.     The Administrative Decision**

At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity between April 22, 2018, the alleged onset date, and September 30, 2018, her date last insured.  (AR, at 25).  At Step Two, the ALJ determined Plaintiff suffers from the severe impairments of emphysema, dermatitis, thyroid, fracture of the upper extremities, chronic obstructive pulmonary disease ("COPD"), degenerative disc disease, depression, and anxiety.  (*Id*.)  At Step Three, the ALJ found Plaintiff's impairments do not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1.  (*Id.* at 26).  The ALJ then determined that Plaintiff had the RFC to

> perform light work as defined in 20 CFR 404.1567(b) except occasionally climbing ramps or stairs, never climbing ladders, ropes or scaffolds, frequently balancing, occasionally stooping, kneeling, crouching or crawling, frequently handling and fingering with right upper extremity, must avoid frequent exposure to dust, odors, fumes and pulmonary irritants, able to understand, remember and carry out simple and some detailed tasks, can relate to supervisors, coworkers and the general public on a superficial work basis, can respond appropriately to changes in a routine work setting.

(*Id.* at 27). At Step Four, the ALJ found "[t]hrough the date last insured, the claimant was capable of performing past relevant work as a Garment Sorter.  This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity." (*Id.* at 29).  Therefore, the ALJ concluded that Plaintiff was not disabled from April 22, 2018, the alleged onset date, through September 30, 2018, the date last insured. (*Id.* at 30).

### IV.     Issues Presented for Judicial Review

Plaintiff contends that the ALJ erred by failing to adequately account for the limitations springing from Plaintiff's COPD when crafting the RFC, and specifically that the ALJ failed to discuss or accommodate Plaintiff's need to use a nebulizer.[3] (Doc. 12, at 3-9). The Commissioner contends that Plaintiff has not shown the ALJ erred by not mentioning her use of a nebulizer. (Doc. 14, at 8-11).

### V.     The ALJ Committed Reversible Error by Not Considering Plaintiff's Use of a Nebulizer.

Plaintiff contends the ALJ erred by not considering Plaintiff's use of a nebulizer as treatment for her COPD in formulating the RFC. (Doc. 12, at 3-9). The Court agrees.

The ALJ found that Plaintiff has the severe impairment of COPD. (AR, at 25). The Commissioner concedes that Plaintiff was diagnosed with COPD prior to her date last insured of September 30, 2018.[4] (Doc. 14, at 6) (citing AR, at 635, noting a diagnosis of COPD in 2017). In formulating the RFC, the ALJ acknowledged that "[d]ue to her COPD

---

[3] "A nebulizer is '[a] device used to reduce liquid medication to extremely fine cloudlike particles' and is 'useful in delivering medication to deeper parts of the respiratory tract.'" *Klitz v. Barnhart*, 180 F. App'x 808, 809 n.2 (10th Cir. 2006) (quoting *Stedman's Medical Dictionary* 1184 (27th ed. 2000)).

[4] "[T]he relevant analysis is whether the claimant was actually *disabled* prior to the expiration of her insured status." *Potter v. Sec'y of Health & Human Servs.*, 905 F.2d 1346, 1348-49 (10th Cir. 1990) (emphasis in original). *See* 20 C.F.R. §§ 404.101, 404.120, 404.315. Thus, the operative timeframe for purposes of Plaintiff's DIB claim is beginning April 22, 2018, with Plaintiff's alleged onset of disability, and ending September 30, 2018, with Plaintiff's last date insured. *Hendron v. Colvin*, 767 F.3d 951, 953 (10th Cir. 2014) (holding that when determining "whether [the claimant] was under a disability as defined in the Social Security Act," the "[r]elevant [t]ime [p]eriod" is from the claimant's alleged onset date though the date the claimant was last insured for disability benefits).

. . . [Plaintiff] must avoid frequent exposure to dusts, odors, fumes and pulmonary irritants." (AR, at 29). The ALJ also "note[d] that her combined impairments support finding her limited to a Light Exertional Level." (*Id.*)

There is evidence in the record, as the Commissioner concedes (Doc. 14, at 9), that Plaintiff was prescribed use of a nebulizer every six hours during the relevant period as treatment for her COPD. (AR, at 536 (on May 11, 2018, giving prescription for nebulizer to "take as directed for wheezing, shortness of breath")). The record also reflects Plaintiff's prescribed nebulizer use beyond the relevant time period.[5] (*See* AR, at 511, 513 (March 8, 2019); *id.* at 508 (April 26, 2019); *id.* at 503 (May 14, 2019); *id.* at 629 (January 27, 2020)). By at least April 30, 2020, the prescription was modified to nebulizer use every four hours as needed. (*Id.* at 776; *see also id.* at 758 (July 24, 2020); *id.* at 802, 804 (December 4, 2020)). Plaintiff testified before the ALJ that she used a nebulizer to treat her COPD "every four hours as needed every day," and that it takes "a good 20 minutes" to do the treatment. (AR, at 149). However, as the Commissioner concedes (Doc. 14, at 9), the ALJ's decision did not acknowledge the medical evidence or Plaintiff's testimony regarding her nebulizer use.

The Court is persuaded that remand is appropriate because this case falls under the Tenth Circuit's precedent in *Klitz v. Barnhart*, 180 F. App'x 808 (10th Cir. 2006). In *Klitz*,

---

[5] Medical records during an insured period are direct evidence of a claimant's condition during that period. *Baca v. Dep't of Health & Human Servs.*, 5 F.3d 476, 479 (10th Cir. 1993). Medical records that post-date the insured period may constitute indirect evidence of a claimant's condition during the insured period and, if so, should also be considered to the extent they provide information about the nature and severity of claimant's condition during the insured period. *See id.*

7

there was testimony and record evidence that the plaintiff used a nebulizer to treat her COPD. *Id*. at 809-10. The RFC stated that plaintiff "cannot work in environments where she would be exposed to dust." *Id*. at 809. The Court held that "[i]n making an RFC finding when, as here, a medically determinable impairment imposes environmental restrictions, an ALJ must consider any resulting limitations and restrictions that may affect other work-related abilities and reduce a claimant's ability to work." *Id*. at 810 (citing 20 C.F.R. § 416.945(d)). The Court remanded because "[a]lthough the ALJ acknowledged [plaintiff's] use of the nebulizer, he never addressed any effect it might have on her ability to work." *Id*. The Court directed that on remand "the ALJ should develop certain details of [plaintiff's] use of her home nebulizer," specifically whether or not the nebulizer was portable and whether or not her use occurred at "random, uncontrollable times" or predictable intervals that would fit into a normal work schedule. *Id*. As in *Klitz*, the ALJ in this case found Plaintiff's COPD to be a severe impairment and imposed environmental restrictions in the RFC based on Plaintiff's COPD, but totally failed to discuss the evidence regarding her use of a nebulizer and how it might affect her ability to work. Thus, the RFC is not supported by substantial evidence, and remand is required.

Remand is also consistent with lower courts' applications of *Klitz*. *See Haynes v. Kijakazi*, 2022 WL 1721060, at *4 (W.D. Okla. May 27, 2022) (reversing and remanding for ALJ to "consider and discuss Plaintiff's testimony and record evidence regarding his use of the nebulizer, determine whether such testimony and evidence does or does not affect the RFC, and question the VE accordingly"); *Martin v. Kijakazi*, 2022 WL 676976, at *3 (W.D. Okla. Mar. 7, 2022) (same); *White v. Kijakazi*, 2021 WL 4434306, at *4 (E.D.

Okla. Aug. 31, 2021) (reversing and remanding "for further consideration of the effect of [Plaintiff's] use of a nebulizer for breathing treatments on her RFC and, by extension, her ability to work"), *report and recommendation adopted*, 2021 WL 4430862 (E.D. Okla. Sept. 27, 2021); *Knudtson v. Comm'r of SSA*, 2020 WL 5761073, at *3 (E.D. Okla. Sept. 28, 2020) ("remanded for further consideration of the effect Claimant's frequent use of a nebulizer for breathing treatments would have on her ability to perform work"); *Tennyson v. Astrue*, 2011 WL 1298961, at *7 (N.D. Okla. Mar. 31, 2011) (remanding for ALJ to make specific findings consistent with *Klitz* at to (1) whether the plaintiff's condition "would have allowed for the use of a portable nebulizer to accommodate plaintiff's work away from the home," (2) "the extent it was medically necessary for plaintiff's use of the nebulizer and whether use of the nebulizer could occur prior to, during established breaks, [or] after work to treat his condition," (3) "whether plaintiff's asthma could be controlled through the use of an inhaler, rather than [a] nebulizer to accommodate sustained work activities" and (4) "whether, even assuming plaintiff's use of the nebulizer was medically necessary . . . , [plaintiff's] use would have altered [his] RFC in any event"); *Prather v. Astrue*, 2010 WL 3731184, at *3 (W.D. Okla. Sept. 8, 2010) (observing that ALJ "did not include use of the nebulizer in his hypothetical question to the VE" and omitted "any resulting restrictions in his RFC" and "remanding for further consideration of the effect [Plaintiff's] use of a nebulizer for breathing treatments would have on her ability to perform substantial gainful employment"); *Murphy v. Astrue*, 2010 WL 5653829, at *4 (E.D. Okla. Sept. 15, 2010), (reversing and remanding when "the ALJ failed to discuss the effect the

9

claimant's use of a nebulizer might have on her ability to complete a normal workday"), *report and recommendation adopted*, 2011 WL 288910 (E.D. Okla. Jan. 27, 2011).

Accordingly, on remand, the ALJ must consider and discuss the record evidence regarding Plaintiff's use of the nebulizer, determine whether such evidence does or does not affect the RFC, and question the VE accordingly. The analysis on remand may be affected by the ALJ's consideration of Plaintiff's use of the nebulizer. Thus, the undersigned does address Plaintiff's remaining arguments. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

## VI.  Conclusion

For the reasons discussed above, the Court **REVERSES** the decision of the Commissioner and **REMANDS** the matter for further proceedings.

ENTERED this 26th day of January, 2023.

*Amanda Maxfield Green*
AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE